**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **TOMMY LEVANDOSKI** | § | |
| | § | |
| **Plaintiff** | § | **CIVIL ACTION NO. _____** |
| | § | |
| | § | |
| **v.** | § | |
| | § | |
| **SOUTHERN JOURNEYS OF TEXAS,** | § | |
| **LLC, CENTRAL INVESTMENTS,** | § | |
| **LTD, DIGITAL VACATION QUEST,** | § | |
| **AND JEFF BOLTON** | § | |

**Defendant**

**PLAINTIFFS' ORIGINAL COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, TOMMY LEVANDOSKI, by and through his undersigned counsel, hereby brings this action against Defendants SOUTHERN JOURNEYS OF TEXAS, LLC AND CENTRAL INVESTMENTS, LTD AND JEFF BOLTON (hereinafter collectively as "Defendants"), pursuant to the Fair Labor Standards Act of 1938 (FLSA), 52 Stat. 1060, as amended, 29 U.S.C. §201 et seq (1994 ed. And Supp. III) ("FLSA").

## I.      PARTIES AND PERSONAL JURISDICTION

1. Thomas Levandoski ("Plaintiff") is an individual residing in Hood County, Texas. Plaintiff's written consent to this action is attached to this Complaint as "Exhibit A."

2. Jeff Bolton is the owner of Southern Journeys and Digital Vacation Quest. His principal place of business is at 56 Woodstock Road, Roswell, Georgia 30075.

3. Digital Vacation Quest d/b/a Southern Journeys is a Louisiana company located in the New Orleans metropolitan area at 8814 Veterans Boulevard #3, Metairie, Louisiana 7000.

4.  Defendants Southern Journeys of Texas, LLC are incorporated in the State of Texas and doing

1

business in the state of Texas for the purpose of accumulating monetary profit. The Defendants may be served with process by serving its registered agent Business Filings Incorporated located at 701 Brazos Street, Suite 720, Austin, Texas 78701 or at any other place it may be found.

5.  Defendants Central Investments, LTD is incorporated in the State of Delaware and doing business in the state of Texas for the purpose of accumulating monetary profit. The Defendants may be served with process by serving its registered agent The Company Corporation located at 51 Little Falls Drive, Wilmington, Delaware 19808, or at any other place it may be found.

6.  Defendant Jeff Bolton is the owner of Southern Journeys of Texas, LLC and Central Investments and doing business in the state of Texas for the purpose of accumulating monetary profit. The Defendant may be served with process by serving its registered agent Business Filings Incorporated located at 701 Brazos Street, Suite 720, Austin, Texas 78701 or at any other place it may be found.

7.  Defendant, Jeff Bolton, is the owner and president of Southern Journeys of Texas, LLC. Defendant, Jeff Bolton, is also the owner and secretary of Central Investments and is responsible for controlling and overseeing the day-to-day operations of both the businesses.

8.  Defendant, Jeff Bolton, operates his business on a day to-day basis, acts directly on behalf of Southern Journeys of Texas, LLC and Central Investments, as an employer under 29 U.S.C. § 203(d). Jeff Bolton is jointly and severally liable as such for the claims described in this Complaint.

9.  Defendant, Jeff Bolton, is an individual who at all times relevant to this matter acted directly or indirectly in the interest of Defendants, Southern Journeys of Texas, LLC and Central Investments, in relationship to Plaintiff; therefore, Defendant, Jeff Bolton, is a joint employer

as defined by 29 U.S.C. § 203(d).

10. Defendant, Jeff Bolton, (1) possessed the power to hire and fire the Plaintiff, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records. Therefore, Defendant Jeff Bolton is a statutory employer under the FLSA.

## II.    SUMMARY

11. The Fair Labor Standards Act ("FLSA") is designed to eliminate "labor conditions detrimental to the maintenance of minimum standard of living necessary for health, efficiency and general well-being of workers ..." 29 U.S.C. § 202(a). To achieve its goals, the FLSA sets minimum wage and overtime requirements for covered employees. 29 U.S.C. 201 *et seq*.

12. Defendants Southern Journeys of Texas, LLC and Central Investments, LTD and Jeff Bolton (hereinafter collectively as "Defendants") required and/or permitted Plaintiff to work in excess of forty (40) hours per week but failed to compensate him at the applicable overtime rates.

13. By failing to compensate Plaintiff the proper minimum wage and overtime wages, Defendants' conduct violates the FLSA.

## III.    SUBJECT MATTER JURISDICTION AND VENUE

14. This Court has jurisdiction over the subject matter of this action under 29 U.S.C. §216(b) and 28 U.S.C. §1331.

15. Venue is proper pursuant to 28 U.S.C. § 1391(b), because Defendants and Plaintiff transacted business within this judicial district and the events underlying this complaint occurred within this judicial district.

16. At all times material to this complaint, Defendants employed two or more employees and had an annual dollar volume of sales or business done of at least $500,000.00.

17. At all times material to this complaint, Defendants were an enterprise engaged in interstate commerce, operating a business engaged in commerce or in the production of goods for commerce as defined by§ 3(r) and 3(s) of the Act, 29 U.S.C. §§ 203(r)-(s).

### IV.      FLSA COVERAGE

18. At all material times, Defendants have been subject to the requirements of the Fair Labor Standards Act (hereinafter "FLSA"), 29 U.S.C. § 201 *et seq*.

19. The FLSA requires non-exempt employees to be paid the federally mandated minimum wage rate for hours worked.

20. The FLSA requires non-exempt employees to be compensated for their overtime work at a rate of one and one-half times their regular rate of pay. 29 U.S.C. § 207(a).

21. For purposes of this action, the "relevant period" is defined as such period commencing on the date that is three years prior to the filing of this action and continuing thereafter.

22. At all material times, Defendants have been an employer within the meaning of the FLSA (29 U.S.C. § 203(d)) because Defendants had the power to hire or fire Plaintiff; the authority to direct and supervise the work of Plaintiff; the authority to sign checks and paychecks; the authority to control work schedules and conditions of employment; the authority to determine the  rate of pay and the method of payment; and was responsible for maintaining employment records for its employees.

23. At all times hereinafter mentioned, Defendants have been part of an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

24. At all material times, Jeff Bolton had direct control over the operations of the company and operated the company remotely. Accordingly, Defendant, Jeff Bolton, acted directly or

indirectly in the interest of an employer in relation to Plaintiff, so as to render said Defendant individually liable under the FLSA (29 U.S.C. § 203(d)).

25. At all times hereinafter mentioned, Defendants have been part of an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has and has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

26. Furthermore, Defendants have had, and continues to have, an annual gross business volume in excess of the statutory standard.

27. At all material times, Plaintiff was an individual employee who engaged in commerce or in the production of goods for commerce. 29 U.S.C. § 206-207.

## V.      FACTUAL ALLEGATIONS

28. Defendants operate Southern Journeys of Texas, located at 115 North Loop 1604 East, Suite 1209, San Antonio Texas 78258 where Plaintiff was employed.

29. Plaintiff Levandoski had been employed as a marketer for Defendants from approximately October 1, 2013 to September 29, 2018.

30. Plaintiff's primary duties was to market timeshare tours at Southern Journeys of Texas locations in San Antonio.

31. Defendants sell timeshare products and real estate interests.

32. Defendants Southern Journeys and Digital Vacation Quest are a real estate company.

5

33. The timeshare products that Defendants Southern Journeys and Digital Vacation Quest sell are transferable by sale, gift, inheritance or through a marital dissolution. To transfer ownership of their timeshare, a customer simply needs to call Defendants' office in New Orleans, Louisiana and fill out the correct paperwork.

34. Once they become timeshare owners, Defendants' customers can vote for directors of the Association, to vote on major decisions of the Association.

35. Purchasers of Southern Journeys' products have a far greater ownership interest than does a person who rents a hotel room for a night.

36. Defendants employed Plaintiff to market and convince customers to go on timeshare tours. Defendants' salesmen would then give the customers tours and sell to them interests in timeshare properties.

37. Defendants' Marketing Managers did not make sales at the customer's place of business or residence.

38. Plaintiff worked in fixed sales booths located at leased locations at (1) North Star Mall, 7400 San Pedro Ave, San Antonio, TX 78216, (2) Ingram Park Mall,  6301 Northwest Loop 410, San Antonio, TX 78238 (3) South Park Mall, 2310 SW Military Dr, San Antonio, TX 78224 (4) Rolling Oaks Mall, 6909 N Loop 1604 E, San Antonio, TX.  (see example below)



39. Defendants' sales both in the San Antonio market are set up for months at a time with tables, electricity, banner, and lighting.

40. At least one of the Defendants signed or entered into written lease contracts permitting them to keep booths at landlords' properties for months at time under the name Southern Journeys.

41. Jeff Bolton would write, sign, and mail checks for the booth rentals.

42. Defendants' Marketing Managers were therefore not subject to the outside sales exemption to the FLSA.  29 C.F.R. 541.502.

43. Defendants employed Plaintiff as a "Marketing Manager" to generate leads for it's sales team. The members of the sales team, not Plaintiff would give tours of timeshares to potential customer and try to close on the sales. Defendants paid Plaintiff a commission based on how many of his leads lead to the potential customer actually going through the sales door, take a tour and staid for the completed presentation.

44. As a Marketing Manager for Defendants, the majority of Plaintiff's duties involved talking to customers or potential customers of the Defendants, to persuade them to purchase timeshare tours and in the process provide leads for Defendant's timeshare sales team.

45. Plaintiff also took credit card payments for the down payment on the tour.

46. Plaintiff would use email to send and receive signed contracts from customers from out of state. Plaintiff would use email to send signed contracts from customer across state lines to Defendant's locations in Texas and Louisiana.

47. Members of the sales team, not plaintiff, are the people who makes the sales presentation and closes the sale.

48. Defendant Southern Journeys of Texas, LLC is a timeshare business.

49. Defendant Central Investments handled the payroll and assisted Defendant Southern Journey in handling employee matters.

50. Both Southern Journeys of Texas, LLC and Central Investments are not retail or service establishments.

51. During his employment, Defendants paid Plaintiff strictly on a commission basis.

52. Defendants never paid Plaintiff on a salary basis.

53. Plaintiff did not have the authority to hire or fire or make recommendation for hiring or firing employees.

54. Plaintiff did not supervise two or more employees.

55. While it was not part of Plaintiff's primary duty, Plaintiff would go with other co-workers on on out of trips to work at Defendant's sales location in other states two to three times a year.

56. On these occasions, Defendants sent Plaintiff to work at their sales locations in Arizona, Utah, Colorado, Indiana, Ohio, North Carolina, Louisiana and Georgia.

57. Plaintiff has worked overtime in all of these states.

58. Plaintiff was an "employee" of Defendants, as that term is defined by the FLSA. During his employment with Defendants, the Plaintiff was individually and directly engaged in interstate commerce by his regular and recurring use of the instrumentalities thereof (use of internet, office supplies, email, telephone) as part of his regular and recurring job duties to facilitate the sales of timeshare, and his work was essential to Defendants' business.

59. Plaintiff did not perform duties that were directly related to the management or general business operations of the Defendants, as required for the administrative exemption to the FLSA.

60. Plaintiff did not perform duties that required the consistent exercise of discretion and independent judgment, as required for the administrative exemption to the FLSA.

61. Plaintiff's daily and weekly activities were routine and largely governed by standardized plans, procedures, and checklists created by Defendants and/or its clients. Virtually every job function was predetermined by Defendants, including the tools to use at a job site, the schedule of work, and related work duties. Plaintiff was prohibited from varying his job duties outside of the predetermined parameters. Moreover, Plaintiff's job functions were primarily technical and manual labor in nature, requiring little to no official training, much less a college education or other advanced degree.

62. Plaintiff often worked in excess of forty hours in one workweek.

63. Defendants failed to pay Plaintiff for hours worked in excess of forty (40) in one week at one and a half (1.5) times his regular rate.

64. Defendants have not made a good faith effort to comply with the FLSA. Rather, the Defendants knowingly, willingly, and/or with reckless disregard carried out their illegal pattern or practice regarding minimum wages and overtime compensation.

## VI.    FLSA OVERTIME AND RECORDKEEPING VIOLATIONS

65. Plaintiff incorporates all allegations contained in the foregoing paragraphs.

66. Plaintiff routinely worked more than forty (40) hours per week for Defendants.

67. Defendants did not pay for the additional, unrecorded hours they required Plaintiff to work before Plaintiff clocked in and after Plaintiff clocked out.

68. Thus, Defendants did not pay Plaintiff for his hours of work in excess of forty (40) per week at one and a half (1.5) times their regular rate, as required by the FLSA.

69. Additionally, Defendants failed to keep complete and accurate records of the hours worked by Plaintiff in violation of the FLSA. 29 C.F.R. § 516.

70. The Plaintiff was a non-exempt employee.

71. Defendants discouraged, limited and prohibited Plaintiff from reporting his overtime hours worked, i.e. hours worked over 40 hours in a workweek.

72. Thus, Defendants had knowledge that their method of paying Plaintiff was in violation of the FLSA and not based on a good faith and reasonable belief that its conduct was in compliance with the FLSA.

73. Accordingly, the Plaintiff is entitled to compensation for his overtime worked in an amount equal to one and one-half times his regular rates of pay for each hour worked over forty in each workweek.

74. Moreover, Defendants' conduct has been both willful and in bad faith and especially designed to avoid its legal obligations pursuant to the FLSA. Plaintiff is entitled to liquidated damages

for such conduct pursuant to the FLSA. Defendants' practice is in deliberate violation of FLSA requirements.

## VII.   FLSA MINIMUM WAGE VIOLATIONS

75. Plaintiff incorporates all allegations contained in the foregoing paragraphs.

76. The FLSA requires that covered employees be compensated at least the minimum wage for every hour worked in a workweek. 29 U.S.C. § 206(a)-(b).

77. Defendants are a covered employer required to comply with the FLSA's mandates.

78. Plaintiff is a covered employee, i.e. non-exempt employee, entitled to the FLSA's protections.

79. Plaintiff was paid a commission for each timeshare sold.

80. Sometimes, Plaintiff's paycheck shows less than minimum wage for all hours worked.

81. Defendants have not made a good faith effort to comply with the FLSA.  Rather, the Defendants knowingly, willingly, and/or with reckless disregard carried out their illegal pattern or practice regarding minimum wages.

## VI.   PRAYER

82. WHEREFORE, the Plaintiff requests this Court award him judgment against Defendants for the following relief:

a.   A declaration that Defendants have violated the Fair Labor Standards Act, by failing to pay Plaintiff minimum wage and overtime pay at one- and one-half times his regular rate for all hours in excess of forty (40) worked during each seven-day work period.

b.   Damages for the full amount of his unpaid minimum wage and overtime compensation;

c.   An equal amount as liquidated damages;

d.   Reasonable attorneys' fees, costs, and expenses of this action;

e.   such other and further relief as may be allowed by law.

Respectfully submitted,

TRAN LAW FIRM

*/S/Trang Q. Tran*
Trang Q. Tran
Federal I.D: 20361
Texas Bar No. 00795787
2537 South Gessner Road, Suite 104
Houston, Texas 77063
Tel: (713) 223 – 8855
Fax: (713) 623 – 6399
ttran@tranlawllp.com
service@tranlawllp.com

**ATTORNEY FOR PLAINTIFFS**